**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

OLUWAFEMI SUNNY LAFUA
Plaintiff,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS), *et al*.,
Defendants.

CIVIL ACTION FILE NO:
1:25-cv-07104-WMR

**ORDER**

This matter is before the Court on Defendant United States Citizenship and Immigration Services' (hereinafter, "USCIS") Motion to Dismiss. [Doc. 15].

## I. BACKGROUND

The Immigration Nationality Act (hereinafter, the "INA") charges the Secretary of the Department of Homeland Security with the duty to "establish such regulations; prescribe such forms of bond, reports, entries, and other papers; issue such instructions; and perform such other acts as he deems necessary for carrying out his authority under" the INA. 8 U.S.C. § 1103(a)(3). The Secretary has delegated much of this authority to USCIS, including the adjudication of applications for the adjustment of status filed by any alien. 8 C.F.R. § 245.2(a)(1).

An "adjustment of status" is a process, provided for in the INA, which is utilized to "adjust" the status of a noncitizen already lawfully admitted into the country to that of a lawful permanent resident. 8 U.S.C. § 1255(a).

> The status of an alien who was inspected and admitted or paroled into the United States . . . *may* be adjusted by the Attorney General, *in his discretion and under such regulations as he may prescribe*, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a) (emphasis added). Section 1255 gives the Department of Homeland Security (hereinafter, "DHS") and the USCIS "broad discretion to determine and implement the adjudicative process" of adjustment of status applications, "within the bounds set by statute." *Kanapuram v. Director, US Citizenship and Immigr. Servs.*, 131 F.4th 1302, 1307 (11th Cir. 2025).[1]

Plaintiff Oluwafemi Sunny Lafua, a citizen of Nigeria, states that he entered the United States lawfully on an "F-1 visa" and subsequently filed an "EB-1A Immigrant Petition for Alien Workers," which was approved by USCIS on March 10, 2025. [Doc. 1 ¶ 12]. Plaintiff alleges that he filed an "Application to Register

---

[1] Though § 1255(a) references the Attorney General, "Congress has transferred the adjudications of the former Immigration and Naturalization Services (INS) to the Secretary of Homeland Security and his delegate at the U.S. Citizenship and Immigration Services." *Kanapuram*, 131 F.4th at 1307 n.3 (citation and internal quotation marks omitted). "References to the Attorney General in § 1255(a) are deemed to be references to the DHS and USCIS." *Id.* (citing 6 U.S.C. § 557).

Permanent Residence or Adjust Status" (hereinafter, the "I-485 Application") on March 28, 2025. [*Id.*]. Plaintiff further alleges that, though he has completed all necessary prerequisites for the adjudication of his I-485 Application, USCIS has not rendered a decision. [*Id.* ¶ 17]. Approximately nine months later, on December 12, 2025, Plaintiff filed this action alleging that he has suffered an "unreasonable and unjustifiable delay" of the adjudication of his I-485 application. [*Id.* ¶ 1].

## II. LEGAL STANDARD

"[F]ederal courts are courts of limited jurisdiction," so jurisdictional issues should be resolved before the actual merits of a case are reached. *Beach TV Cable Co. v. Comcast of Fla./Georgia, LLC*, 808 F.3d 1284, 1288 (11th Cir. 2015); *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see also Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658, 667 (5th Cir. 1971) (stating that courts must consider jurisdiction before they consider the merits of claims).[2]

As such, "[a] federal court has an independent duty to ensure that it has subject-matter jurisdiction." *McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.4th 1309, 1312 (11th Cir. 2021). Under the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must

[2] Cases decided by the Fifth Circuit before 1981 are binding precedent in the Eleventh Circuit. *Bonner v. Prichard*, 661 F.2d 1206, 1209 n.5 (11th Cir. 1981).

dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Nalls v. Countrywide Home Servs., LLC*, 279 F. App'x 824, 825 (11th Cir. 2008) ("If a district court determines that it lacks subject matter jurisdiction, it 'is powerless to continue' and must dismiss the complaint.") (quoting *Univ. of S. Ala.*, 168 F.3d at 410)); *Owen Equip. & Erection Co v. Kroger*, 437 U.S. 365, 374 (1978) ("The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded.").

Further, the party invoking the court's jurisdiction bears the burden of proving its existence. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1273 (11th Cir. 2000) ("It is the plaintiff's burden both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation.") (quoting *St. Paul Mercury Indem. v. Red Cab Co.,* 303 U.S. 283, 287 n.10 (1938)); *see also Smith v. McCullough*, 270 U.S. 456, 459 (1926) ("The established rule is that a plaintiff, suing in a federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction[.]") (citation omitted).

Attacks on subject matter jurisdiction come in two forms: "facial attacks" and "factual attacks." *Garcia v. Copenhaver, Bell & Assocs. M.D.'s, P.A.*, 104 F.3d 1256, 1260 (11th Cir. 1997) (internal quotation marks and citation omitted). Facial

attacks on the complaint "require[] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1261 (internal quotation marks and citation omitted). On a facial attack, therefore, "a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (citation omitted).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). A plaintiff is not required to provide "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court is required to accept and construe facts in a light most favorable to the plaintiff, it is not obligated to accept conclusory allegations and bare assertions unsupported by facts. *See Iqbal*, 556 U.S. at 662; *Twombly*, 550 U.S. at 544. The factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. 555 (citations and footnote omitted).

## III. DISCUSSION

### A. The Court Does Not Have Jurisdiction Over Plaintiff's Claims Under the Administrative Procedures Act.

The Administrative Procedures Act (hereinafter, the "APA") allows courts to review "*final* agency action[s] for which there is no other adequate remedy" or "agency action[s] made reviewable by statute[.]" 5 U.S.C. § 704 (emphasis added). The APA similarly allows courts to "compel agency action unlawfully withheld or unreasonably delayed[.]" 5 U.S.C. § 706(1).

Importantly, a claim under the APA that an agency has unreasonably delayed action "can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004). Therefore, APA review does not apply, and the Court does not have jurisdiction, when: "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. §§ 701(a)(1), (a)(2). Section 1252 provides that "no court shall have jurisdiction to review . . . (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security . . . for which is specified . . . to be in [their] discretion[.]" 8 U.S.C. § 1252(a)(2)(B).

In *Kanapuram*, the Eleventh Circuit addressed whether the APA precluded judicial review of complaints alleging unreasonable delay in the adjudication of adjustment of status applications. *Kanapuram*, 131 F.4th at 1306. The Eleventh

Circuit held that it did. *Id*. at 1307. The Court reasoned that § 1255(a) gave the DHS "broad discretion to determine and implement the adjudicative process for Form I-485 applications, within the bounds set by statute." *Id*. Accordingly, decisions, "includ[ing] not only the ultimate decision to approve or deny a visa, but also 'actions taken in the course of the decision-making process—including the pace at which that process is undertaken[,]'" generally do not fall within the courts' jurisdictional reach. *Id*. (quoting *Cheejati v. Blinken*, 106 F.4th 388, 394 (5th Cir. 2024) (emphasis omitted)).

Notably, the Court in *Kanapuram* remarked that § 1255 did not constitute "a blanket bar on all legal challenges pursuant to § 1252(a)(2)(B)(ii)." *Id*. at 1308. The Court left open the possibility that, were an agency, such as the USCIS, "to violate its own binding regulations . . . those actions *might* be reviewable." *Id*. (emphasis added). However, the Court did not express a view, one way or another, on the likely outcome of that scenario. *Id*.

Plaintiff alleges that the USCIS's violations of 5 U.S.C. § 555(b)[3] and 8 C.F.R. § 245.2(a)(5)(i)[4] fall under *Kanapuram*'s caveat and, therefore, give the Court jurisdiction to review the merits of the case. [Doc. 17 at 1–2]. In support of his

---

[3] Section 555(b) states in part: "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C § 555.

[4] Section 245.2(a) states in part: "[t]he applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial. 8 C.F.R. § 245.2(a)(5)(i).

argument, Plaintiff claims that his complaint seeks to enforce the "nondiscretionary duties . . . to conclude matters within a reasonable time . . . and . . . to issue and provide notice of a final decision." [*Id.* at 3]. Importantly, Plaintiff specifically challenges the "unreasonable and unjustifiable delay" on the part of USCIS. [Doc. 1 ¶ 1]. Plaintiff has not alleged that USCIS has withheld a decision or has not been taking steps to move his application forward as they are obliged to do.[5]

The Court disagrees with Plaintiff that the USCIS has somehow violated the binding statute and regulation in a way that may grant this Court jurisdiction. *See Kanapuram*, 131 F.4th at 1308. Considering the processing updates that Plaintiff has cited in his pleadings, it appears to the Court that there is no indication that USCIS will not comply with these regulations and issue and notice a final decision. *See supra* note 5. As such, the claims do not lie within the Court's limited jurisdiction and therefore cannot be heard.

**B. The Court Does Not Have Jurisdiction Over Plaintiff's Claims Under the Mandamus Act.**

The Mandamus Act dictates that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or

---

[5] On the contrary, Plaintiff alleges that he has been completing the necessary steps, including his biometrics appointment which he attended in late April of 2025. *See* [Doc. 1 Ex. D]. He provides exhibits demonstrating that USCIS is still actively processing his application, including an update entered by an officer on May 30, 2025. *See* [Doc. 1 Ex. E]. In his response in opposition, Plaintiff confirmed that as recently as January 29, 2026, his application was transferred to another field office and that he waived his adjustment interview. *See* [Doc. 17 at 4].

employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The writ of mandamus "is an extraordinary remedy available only in the clearest and most compelling of cases." *Serrano v. U.S. Att'y Gen.*, 655 F.3d 1260, 1263 (11th Cir. 2011) (citation omitted).

Writs of mandamus are "largely controlled by equitable principles and [the writ's] issuance is a matter of judicial discretion." *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003) (quoting *Carter v. Seamans,* 411 F.2d 767, 773 (5th Cir. 1969)). "Mandamus is appropriate only if (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available." *Serrano*, 655 F.3d at 1263 (citing *Cash*, 327 F.3d at 1258). Additionally, plaintiffs may only seek a writ of mandamus when that plaintiff "has exhausted all other avenues of relief and only if the defendant owes him a clear non-discretionary duty." *Cash*, 327 F.3d at 1258 (quoting *Heckler v. Ringer,* 466 U.S. 602, 616 (1984)).

As previously stated, in line with Eleventh Circuit reasoning, this Court finds that the USCIS has broad discretion concerning its duty to adjudicate Plaintiff's I-485. And, there is no requirement that USCIS make its decision within a certain time frame. Plaintiff alleged, when he filed this lawsuit, that his application had been pending for about nine months and, at the time of the filing of his response in opposition, twelve months had passed. [Docs. 1 ¶ 12]; [Doc. 17 at 4]. Plaintiff claims

the processing of his "adjudication-ready" application is being unreasonably delayed. [Doc. 17 at 4]. Though, Plaintiff concedes he is aware USCIS processing times vary, the "published guidance suggests a timeline of approximately 10.5 months." [Doc. 1 ¶ 22]. Defendant contends that Plaintiff has not alleged that the Defendant owed a mandatory, non-discretionary duty to adjudicate Plaintiff's I-485 "within any given time period." [Doc. 15 at 8]. Defendant posits that Plaintiff has failed to demonstrate that the USCIS has "indefinitely" postponed Plaintiff's adjudication, given the status updates provided in Plaintiff's pleadings. [Doc. 18 at 3]; *see supra* note 5.

Thus, there appears to be no implication that USCIS is refusing or withholding adjudication of Plaintiff's I-485 or that it is being unreasonably delayed. The Eleventh Circuit has held that courts generally do not have jurisdiction to consider claims regarding the pace of USCIS adjudications. *See Kanapuram*, 131 F.4th at 1307. Here, the Court is without subject matter jurisdiction to compel USCIS to adjudicate Plaintiff's claims. The ultimate decision, and the actions taken in the process (including the pace of adjudication), fall within the agency's discretion, and this Court cannot compel USCIS to act.

## IV. CONCLUSION

Accordingly, Defendants' Motion to Dismiss [Doc. 15] is **GRANTED** and Plaintiff's claim is **DISMISSED**. The Clerk of Court is **DIRECTED TO TERMINATE** this case.

**IT IS SO ORDERED** this 23rd day of July, 2026.

William M. Ray II

WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE